**William ALIFF, Executor of the Estate of David M. Browning, deceased, Plaintiff,**

v.

**The TRAVELERS INSURANCE COMPANY, Defendant.**

**Civ. A. No. 89–0298(R).**

United States District Court, W.D. Virginia, Roanoke Division.

March 27, 1990.

---

Sharon R. Chickering, Bounds & Dorsey, Roanoke, Va., for plaintiff.

Lewis T. Booker and Lonnie D. Nunley, Hunton & Williams, Richmond, Va., for defendant.

## MEMORANDUM OPINION

TURK, Chief Judge.

Plaintiff filed this action, asserting that defendant is liable for benefits allegedly due the estate under an accidental death policy issued on the life of the deceased insured, David M. Browning. Defendant has paid the estate the face amount of the policy, but has denied double-indemnity liability because it argues that Browning's death was not the result of an accident. Defendant has filed a motion for summary judgment, arguing that, under Virginia law, Browning's death was not an accident as a matter of law. The parties have fully briefed the issues, the Court has heard oral argument, and the issue is ripe for decision.

Upon motion for summary judgment, the court must view the facts, and the inferences to be drawn from those facts, in a light most favorable to the party opposing the motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 364 (4th Cir.1985). Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Federal Rule of Civil Procedure 56(c). However, "... the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there is no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Plaintiff seeks benefits allegedly due under an accidental death policy issued by defendant and provided to Browning as part of his employment benefits. As such, defendant argues that the policy was part of an "employee benefit plan" as that term is defined by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001. Defendant argues that plaintiff's claims are thus governed by ERISA. Defendant further argues that, as defendant's decision to deny benefits involved a factual determination, the Court should review this decision under the standard of arbitrary and capricious, despite the decision in *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). Plaintiff, while not conceding that ERISA governs here, argues that if it does, the Court should apply *de novo* review. The Court is of the opinion that ERISA governs this action, and is further of the opinion that the appropriate standard of review is *de novo*.

The facts in this case, viewed in a light most favorable to plaintiff, are as follows. Browning and Robin Browning (Robin) were married on November 30, 1981. One child was born of this union. The couple separated in March, 1985, and a divorce was granted in 1986.

The parents shared joint custody of their son. This arrangement required them to remain in contact as they exchanged the child on a monthly basis. The couple's relationship apparently remained civil, with Browning visiting Robin's trailer on several occasions. Robin accepted some of these visits and objected to others. Browning physically abused Robin while they were married, but not after the separation. Browning was apparently armed with a

knife or gun wherever he went, including on his visits to Robin.

On November 4, 1987, an altercation took place between Robin and Browning during which Browning grabbed Robin by the hair and held a knife in his other hand. It is disputed as to whether Browning was holding the knife towards or away from Robin. Robin caused a warrant for assault and battery to be issued for Browning's arrest. Browning was arrested the following day and was released on $500 bond, conditioned on his having no contact with Robin until the trial date, which was continued until December 30, 1987. Robin also had the Sheriff's Department serve a letter written by her on Browning, stating that if he came onto her property, he would be trespassing. Subsequently, on the night before the shooting, Robin saw Browning's vehicle on the property and swore out a trespassing warrant on him.

On the night of December 18, Browning entered Robin's trailer. It is disputed as to whether Browning obtained entry by force. Upon his entry, Robin pulled a gun, told him to "get out" four times quickly in succession, aimed the gun in his direction, and shot. Browning was fatally wounded, although Robin states that she did not intend to kill him, but merely to scare him.

Under Virginia law, no recovery can be had under an accidental death policy where the insured's death is the direct result of his own criminal act:

> ... where ... the policy contains no provision exempting liability for injury or death resulting from "violation of law," an insured who is killed or injured under such circumstances, and as a direct result of his own criminal acts, has not suffered an accident. This is upon the principle that by his conduct the insured has voluntarily placed himself in a position where he knows or should know that he is likely to be killed or injured.

*Smith v. Combined Insurance Company,* 202 Va. 758, 120 S.E.2d 267 (1961). Further,

> ... it is generally held that if the insured voluntarily provokes or is the aggressor in an encounter, and knows, of under the circumstances should reasonably anticipate, that he will be in danger of death or great bodily harm as the natural or probably consequence of his act or course of action, his death or injury is not caused by an accident with the meaning of such policy.

*Tucker v. Life Insurance Company of Virginia,* 228 Va. 55, 59–60, 321 S.E.2d 78, 81 (1984).

Defendant argues that under these principles, Browning's death was not accidental as a matter of law. Plaintiff asserts that Browning entered Robin's trailer voluntarily and that his forced entry constitutes aggressive misconduct. Plaintiff further asserts that by criminally entering Robin's home that night and refusing repeated requests to leave, Browning culpably provoked the shooting which caused his death. Plaintiff argues that given the events on November 4, 1987, and the several specific legal prohibitions against his having contact with Robin, Browning must have realized that in refusing, at gunpoint, to leave Robin's mobile home, he was risking death or great bodily harm.

Plaintiff does not appear to seriously contest whether Browning was engaged in a criminal act at the time of the shooting. Instead, plaintiff argues material facts are in dispute as to whether or not Browning knew or should have known that death or great bodily harm was the natural or probable consequence of his action. In particular, plaintiff argues that the relationship of the parties needs to be examined to determine whether the attacker had shown aggression or violence toward the insured in the past that would cause the insured to expect aggression or violence on this occasion. Plaintiff argues that, given the lack of any violence on the part of Robin towards Browning in the past, even in the face of his abusive and violent conduct, he could not have known that she would react violently on this occasion. Plaintiff argues that this issue involves questions of disputed facts and is an issue best left for the jury.

Upon thorough consideration, the Court is of the opinion that defendant's motion

for summary judgment must be granted. Under Virginia law, when an insured by his actions places himself in a situation where he knows, or reasonably should know, that he is in danger of death or great bodily harm as the natural or probable consequence of his actions, his resulting death is not an accident. *Tucker, supra.* Further, under the rule in *Smith,* a person who is killed while engaged in criminal acts, and whose death results from those acts, has not suffered an accident. Thus, the rule in Virginia is that when an insured engages in criminal conduct, knowledge that he has placed himself in danger of death or great bodily harm is imputed to him.

The facts in this action, viewed in a light most favorable to plaintiff, show that Browning entered Robin's trailer late at night, in violation of his bond order and in the face of a no trespassing notice served on him. It is unclear as to whether he obtained entry by force. However, under Virginia law, the mere pushing open of a door would have been sufficient to constitute a criminal breaking and entering. *Johnson v. Commonwealth,* 221 Va. 872, 275 S.E.2d 592 (1981). Given the lateness of Browning's entry into the trailer, the bond condition, and the no trespassing notice, the Court concludes that when Browning entered the trailer he was engaged in criminal conduct. It then follows that Browning's death resulting from such conduct was not accidental as a matter of law. Plaintiff argues that it is necessary to examine the relationship of the parties in order to determine whether Browning knew or should have known he was in danger of death or great bodily harm. However, under the Virginia rule, such knowledge is imputed to Browning as a result of his criminal conduct. Therefore, the Court concludes that, as a matter of law, Browning's death was not accidental within the meaning of the policy. Accordingly, defendant's motion for summary judgment must be granted. An appropriate Order to that effect will be entered this day.